READ v. BOLGER et al.

(Supreme Court, Appellate Division, Second Department.    June 7, 1901.)

1. LIABILITY OF LANDLORD FOR REPAIRS—AUTHORITY OF TENANT.

The presumption that a landlord is liable for repairs on the leased premises, which are ordered by his tenant, does not arise from the mere fact of ownership, or by his boarding with the tenant.

2. SAME—PRESUMPTIONS.

The declaration of a tenant, on the presentation of a bill for improvements placed by her on the rented premises, that the landlord will pay the bill, is not sufficient to render the latter liable therefor.

3. SAME—SUFFICIENCY OF EVIDENCE.

A son rented a house to his mother, and she had certain improvements made thereon. The mother and son testified in an action for the price of the improvements that the mother had no authority to bind the son for the improvements. The son had a conversation with plaintiff's agent, but it was not shown that it did not have reference to other improvements, for which he paid. The son denied that any bill had ever been rendered to him for such work. *Held* not sufficient to show the liability of the son therefor.

Hirschberg, J., dissenting.

Appeal from municipal court of city of New York.

Action by Thomas Read against Charles F. Bolger and another. From a judgment of the New York City municipal court in favor of the plaintiff, the defendants appeal. Reversed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

Joseph Brewster, for appellants.

George E. Brower, for respondent.

JENKS, J. The action is brought to recover for work, labor, and materials in plumbing work upon a house which was owned by the defendant Charles F. Bolger, and leased by him to his mother, Eliza Bolger. The allegation is that the work, labor, and plumbing materials were furnished at the special instance and request of the defendants. There is no proof that any work or material was ordered by Charles F. Bolger, save certain work and materials, for which bills had been rendered to him, which, it is admitted, were paid. There is no presumption of his liability for work ordered by his tenant arising from the mere facts that he was the owner of the house, and for a time was a boarder therein. The plaintiff, under exception, offered testimony that, when money was demanded of the defendant Eliza Bolger, she said that her son owned the house, and would pay the bill rendered. But this declaration of the tenant is not sufficient to cast liability upon the landlord. It does not appear but that the conversation of Charles F. Bolger with plaintiff's workmen referred to the work that he himself ordered, and for which, admittedly, he has paid; or, in any event, that it referred to any work covered by the bill of particulars in this case. On the other hand, the testimony of Eliza Bolger is that she had no authority from her son to order the work in question, but that she took the responsibility upon herself. She also testified that she paid an annual

rent of $900, and that there was no understanding as to who should make the repairs, but that she had expected to make them. Mr. Bolger testifies that he never ordered any of the work, and never authorized any one to order it, but, on the contrary, that he distinctly said that none must be ordered at his expense; and that the first time that he ever learned of this claim—which is for work done in 1897, 1898, and 1899—was in July, 1899, when his mother told him that she owed the bill, and could not attend to the plumbing any longer. He testifies, too, that no bills for any work or materials had ever been rendered to him other than those I have referred to in this opinion.

The judgment of the municipal court must be reversed, and new trial ordered; costs to abide the event. All concur, except HIRSCHBERG, J., who dissents.